INO MERCHANDISE CO. ET AL. *v.* UNITED STATES

**No. 5316.**—Invoices dated Yokohama, Japan, October 16, 1940, etc.,
Entered at San Francisco, Calif., November 7, 1940, etc.
Entry No. 2767, etc.

(Decided June 16, 1941)

*Lawrence & Tuttle (George R. Tuttle* of counsel) for the plaintiffs.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

OLIVER, Presiding Judge: The appeals to reappraisement listed in schedule A, hereto attached and made a part hereof, have been sub-

mitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated, by and between counsel for the respective parties hereto, subject to the approval of the court:

(1) That the merchandise involved in the reappraisement appeals listed in annexed schedule consists of articles made of rayon, which in all material respects, is such or similar to the rayon in the articles the subject of decision in *United States* v. *Nippon Dry Goods Co.*, Reap. Dec. 5006, affirming Reap. Dec. 4704; that the issue herein and conditions as to market value are the same as the issue and conditions as to market value in the cited case, and the record in said case is hereby incorporated herein.

(2) That the appraised values of the rayon articles covered by the above appeal, less any additions made by the importer by reason of the so-called Japanese consumption tax, to meet advances made by the appraiser in similar cases, represent the prices at the time of exportation of such merchandise to the United States, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, and that there were no higher foreign values at the time of exportation thereof.

(3) That the appeals herein are abandoned as to all merchandise, except rayon articles, and these cases are submitted on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that for the articles made of rayon such values are the appraised values less any additions made by the importer by reason of the so-called Japanese consumption tax, to meet advances made by the appraiser in similar cases.

The appeals having been abandoned insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed.

Judgment will be rendered accordingly.